### In re GESAS.

### In re COMMERCIAL NAT. BANK OF ST. ANTHONY.

(Circuit Court of Appeals. Ninth Circuit. June 27, 1906.)

#### No. 1,302.

1. BANKS AND BANKING—BANKER'S LIEN—STATUTES—CONSTRUCTION.

The lien given to a banker by Rev. St. Idaho 1887, § 3448, declaring that a banker has a general lien dependent on possession on all property in his hands belonging to a customer for the balance due him from such customer in the ordinary course of business, is limited to property taken by a banker in the usual course of the banking business, such as banks are in the habit of dealing in, or in taking on deposit, or for collection, or otherwise, as notes, bonds, stocks, and other choses in action,

and does not include stocks of merchandise, etc., which cannot conveniently pass into the actual possession of the bank.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Banks and Banking, § 673.]

2. BANKRUPTCY—TRANSFERS—PREFERENCES—VALIDITY.

A bankrupt, while insolvent, and while making other like transfers of his property for a like purpose, about 10 days prior to the filing of a petition in bankruptcy by his creditors, asking that he be adjudged a bankrupt, which was done a short time after, transferred certain of his property to certain banks, without any new consideration, which operated to give them a preference over other creditors. *Held*, that the transfers were unenforceable.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 247–285.]

Petition for Revision of Proceedings of the District Court of the United States for the District of Idaho.

Caleb Jones, for petitioner.

Thomas & Maycock, for trustee.

Before GILBERT and MORROW, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This is a petition to revise in matter of law an order made by the United States District Court for the District of Idaho, affirming an order of the referee refusing to allow as a secured claim a certain claim filed by the petitioner herein in the matter of Harry Gesas, bankrupt. The facts, and the grounds of his decision, are fully stated in the following opinion of Beatty, District Judge, affirming the order of the referee:

"The Commercial National Bank of St. Anthony, Idaho, filed with the referee its proof for the sum of $905 as a preferred claim under the Idaho statute providing a banker's lien. The referee having refused to allow it as a preferred claim, this appeal is taken to review his order. From the record and the stipulation of facts, it appears that on May 16, 1904, the bankrupt executed to the bank his note for $1,000 for borrowed money which after deductions of payments amounted to the sum of $905 on the 11th day of March, 1905, when proof thereof was made; that on December 20, 1904, the bankrupt transferred to the bank possession of his stock of goods of over the value of $10,000, with the understanding that the bank should retain possession thereof and sell the same at retail prices, under said bankrupt's direction, until the proceeds of such sale were sufficient to pay the said indebtedness; that the bank held such possession in conjunction with the First National Bank of St. Anthony; that all the proceeds of sales were turned over to said First National Bank to apply on its claim against said bankrupt; that on the said 20th day of December said bankrupt also executed to said Commercial National Bank his chattel mortgage upon said goods to secure the bank's said claim, but that under this mortgage the bank makes no claim; that on December 31, 1904, a petition in bankruptcy was filed against said bankrupt alleging that on December 19th said bankrupt had given preferences to various parties by executing chattel mortgages on his goods, and that on January 14, 1905, he was adjudicated a bankrupt. In his answer to the petition of his creditors the bankrupt admitted that he had given preferences to some of his creditors and that under the law he was insolvent.

"The matter involved is the construction of section 3448, Rev. St. Idaho 1887, which is: 'A banker has a general lien, dependent on possession, upon all property in his hands, belonging to a customer, for the balance due

to him from such customer in the course of the business.' This statute seems chiefly to be but a statement in statutory form of the law upon this subject, as generally recognized: That bankers have liens upon any security or property coming into their possession in the usual course of banking business, for the payment of any indebtedness due them from the owner or depositor of such securities. This rule is subject to modifications, which may be illustrated by quotations from Reynes v. Dumont, 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934. Quoting from other authorities, it is said (page 390 of 130 U. S., page 495 of 9 Sup. Ct. [32 L. Ed. 934]) : 'A general lien does arise in favor of a bank or banker out of contract, expressed or implied, from the usage of the business, in the absence of anything to show a contrary intention. It does not arise upon securities accidentally in the possession of the bank, or not in its possession in the course of its business as such, nor where the securities are in its hands under circumstances, or where there is a particular mode of dealing, inconsistent with such general lien. * * * "A banker's lien * * * ordinarily attaches in favor of the bank upon the securities and moneys of the customer deposited in the usual course of business, for advances which are supposed to be made upon their credit" * * * "Here, then, * * * is the true principle upon which this, as well as all other banker's liens, must be sustained, if at all. There must be a credit given upon the credit of the securities, either in possession or in expectancy." '

"From the foregoing, two principles may be deduced: The securities upon which liens may be maintained must be deposited in the regular course of the banking business, in which also is implied, I think, that they must be of the character or class usually dealt in or deposited in banks in the course of their usual banking business, and, the debt must have been incurred upon the faith of such securities actually delivered or promised. Those rulings are based upon the general law upon the subject or upon special statutes. It may be doubted that each of these principles is involved in the Idaho statute. It says that the lien is dependent upon possession by the banker of any of his customer's property. The debt or loan may be made without the possession or promise of possession of any of the customer's property and in no way be made upon its credit; but, when such property comes into the possession of the banker, his lien immediately attaches. An exception is when possession is given for some special purpose the property can be applied only to that purpose. Reynes v. Dumont, ante, and Armstrong v. Chemical Nat. Bank (C. C.) 41 Fed. 234, 6 L. R. A. 226. But I think this statute limits the matters referred to therein to those which occur in the usual course of banking business. While it says all property of the customer, it means all such property as in the usual course of banking business banks are in the habit of dealing in, or in taking on deposit, or for collection, or otherwise, such as notes, bonds, stocks, and other choses in action, the possession of which is consistent with the usual course of banking business and which the bank can conveniently have. I doubt that it applies to the possession of stocks of merchandise or of live stock or of other cumbersome property which cannot conveniently pass into the actual possession of the bank, or such as it does not usually deal in. It is not doubted that, independently of the statute in question, all such property may be transferred to the possession of a bank as security for its claims, when it is not in contravention of some law.

"This brings us to a consideration of the question whether the transfer of the merchandise to the bank is in violation of the statute on bankruptcy. That the chief object of the law is the disposal of the bankrupt's estate to all his creditors in like proportion is too well understood to demand discussion. With such object in view, all transfers of property made to hinder or delay creditors, or preferences made to any, and all judgments, attachments; or other liens obtained through legal proceedings, made within four months of bankruptcy, are set aside. Certain statutory liens, as mechanics' and others, are protected. So, also, is this banker's lien, as provided by said Idaho statute, protected upon whatever property the statute means to include within its terms. So, also, are conveyances and transfers made 'in

good faith and for a present fair consideration.' But does the transfer in question come within the protection of the statute either as a lien or as a transfer? I have already said that I do not think that it is the kind of property which the Idaho statute contemplates in providing a banker's lien. * * * Having held that the bank has no lien upon this property leaves but the question whether the transfer of it was such as can be sustained. It was made when the bankrupt was in fact insolvent under the law and as he subsequently admitted. It was made at the time he was making other like transfers of his property and for a like purpose, and but about 10 days prior to the filing of a petition by his creditors asking that he be adjudicated a bankrupt, which was done in a short time after. Also this transfer was evidently made for the purpose of securing to the bank and the other bank named the payment of their debts, and thus giving these two creditors a preference over the other creditors. All these facts considered were sufficient to put the bank upon its guard and to have at least suggested to it a suspicion of the insolvency of its debtor. But, admitting that the transfer was made in good faith upon the part of the bank, it was without any present consideration whatever, and in that is obnoxious to the law."

We are satisfied with the conclusion reached by the District Court, and for the reasons stated in the foregoing opinion the order is affirmed.